IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-10830
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHARLES HOWARD FRENCH

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-12-4

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Charles Howard French pleaded guilty to conspiracy to possess and conceal counterfeit obligations of the United States and was sentenced to 60 months of imprisonment and three years of supervised release. In June 2007, French pleaded guilty in Texas state court to possession with intent to deliver methamphetamine, resulting in a sentence of six years of imprisonment to be served concurrently with sentences rendered in federal court. The Government sought revocation of French's supervised release based on French's June 2007

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Texas conviction and a number of other grounds. French admitted all of the allegations. The district court revoked French's supervised release and sentenced him to 24 months of imprisonment to be served consecutively to his state sentence.

French argues that the district court should have credited the time he spent in the custody of Texas authorities against the sentence he received on revocation of his supervised release. A district court is not authorized to compute service credit under 18 U.S.C. § 3585; credit awards are to be made by the Attorney General, through the Bureau of Prisons. United States v. Wilson, 503 U.S. 329, 333-35 (1992); United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992). Prior to seeking judicial review of credits under §3585(b), prisoners are required to exhaust their administrative remedies. See Dowling, 962 F.2d at 393. Accordingly, the district court did not err by not calculating credit towards French's sentence.

The Government has filed a motion for summary affirmance or dismissal for lack of jurisdiction. In the alternative, the Government requests an extension of time in which to file a brief on the merits. Because the issue raised by French is clearly without merit under circuit precedent, the district court's judgment is AFFIRMED, the Government's motion for summary affirmance is GRANTED, and the Government's motions for dismissal and an extension of time are DENIED.